IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JOSEPH DAVIS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, § § § § § Plaintiff, § v. § § MARTIN RESOURCE MANAGEMENT § CORPORATION AND MARTIN § TRANSPORT, INC., § § Defendants. § | CIVIL ACTION NO. 6:25-cv-00169-JDK |

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants Martin Resource Management Corporation ("Martin Resource") and Martin Transport, Inc. ("Martin Transport") (collectively "Martin") submit this Answer to Plaintiff's Original Complaint ("Complaint") filed by Joseph Davis ("Davis" or "Plaintiff").[1]

**I. NATURE OF SUIT**[2]

1.  Martin acknowledges that Davis seeks to bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), but denies that this matter is appropriate for treatment as a collective action and denies that Davis has or will accurately describe the scope of the purported class. Martin denies that it misclassified Davis or any other

---

[1] Although denying any wrongdoing with respect to the above-captioned lawsuit, Martin Resource responds that it was Davis's employer and is the correct defendant in this lawsuit. Martin Transport generally denies that it was an "employer" of Davis or any other similarly-situated individual, as that term is defined under the Fair Labor Standards Act and its applicable regulations and thus denies that it is a proper defendant or that it has any liability to Davis or any other individuals who may opt into the lawsuit. For the sake of efficiency, however, Martin Resource and Martin Transport collectively respond to the Complaint as "Martin."

[2] Paragraph numbers and headings used in this Answer correspond to the paragraph numbers and headings in the Complaint.

putative plaintiff and denies that Davis or any other putative plaintiff was entitled to payment of overtime premiums or that they worked more than forty hours per week. Except as expressly admitted, Martin denies the allegations in paragraph 1.

## II.  PARTIES

2.  Martin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and, thus, denies such allegations.

3.  Martin Resource admits that Davis was its employee prior to his resignation. Martin Transport denies that Davis was ever its employee. Except as expressly admitted, Martin denies the allegations in paragraph 3.

4.  Martin Resource admits that it was Davis's employer prior to his resignation. Martin Transport denies that it was ever Davis's employer. Except as expressly admitted, Martin denies the allegations in paragraph 4.

5.  Martin admits that Davis is Martin Resource's former employee and was paid a salary at some point during his employment. Except as expressly admitted, Martin denies the allegations in paragraph 5.

6.  Admitted.

7.  Martin admits that Martin Resource is Davis's former employer. Except as expressly admitted, Martin denies the allegations in paragraph 7.

8.  Admitted.

9.  Admitted.

10. Denied.

11. Admitted.

### III.  JURISDICTION AND VENUE

12.     Martin admits that the Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over Martin Resource and Martin Transport. Martin lacks information sufficient to form a belief about the truth of the remaining allegations and, thus, denies the remaining allegations in paragraph 12.

13.     Martin admits that the Court has personal jurisdiction over Martin Resource and Martin Transport but denies that Martin committed any actions giving rise to any causes of action asserted by Davis. Except as expressly admitted, Martin denies the allegations in paragraph 13.

14.     Martin admits that venue is proper in the Eastern District of Texas, Tyler Division, and that it resides or does business in this District and Division. Except as expressly admitted, Martin denies the allegations in paragraph 14.

### IV.  COVERAGE UNDER THE FLSA

15.     Martin admits that Martin Resource acted as Davis's employer during his employment with Martin Resource. Martin lacks information sufficient to form a belief about the truth of the allegations as they relate to "Class Members." Thus, except as expressly admitted, Martin denies the allegations in paragraph 15.

16.     As it relates to this lawsuit and Davis, Martin Resource admits the allegations in paragraph 16. As it relates to this lawsuit and Davis, Martin Transport denies the allegations in paragraph 16. Except as expressly admitted, Martin denies the allegations in paragraph 16.

17.     As it relates to this lawsuit, Martin Resource admits the allegations in paragraph 17. As it relates to this lawsuit, Martin Transport denies the allegations in paragraph 17. Except as expressly admitted, Martin denies the allegations in paragraph 17.

18. As it relates to this lawsuit, Martin Resource admits the allegations in paragraph 18. As it relates to this lawsuit, Martin Transport denies the allegations in paragraph 18. Except as expressly admitted, Martin denies the allegations in paragraph 18.

19. Martin admits the allegations in paragraph 19 as to Davis as an employee of Martin Resource. Martin lacks information sufficient to form a belief about the trust of the allegations as they relate to "Class Members." Thus, except as expressly admitted, Martin denies the allegations in paragraph 19.

20. Martin Resource admits the allegations in paragraph 20 as to Davis. Martin Transport denies the allegations in paragraph 20. Martin lacks information sufficient to form a belief about the truth of the allegations as they relate to "Class Members." Thus, except as expressly admitted, Martin denies the allegations in paragraph 20.

## V. FACTUAL ALLEGATIONS

21. Admitted.

22. Martin admits that Martin Resource employs Logistics Coordinators responsible for, among other things, managing and allocating its resources and assets in order to meet customer needs in an efficient and profitable manner, and for ensuring that drivers operate in an economically sound and safe manner. Except as expressly admitted, Martin denies the allegations in paragraph 22.

23. Martin admits that Davis was employed by Martin Resource from January 27, 2022, through April 4, 2025, as a Logistics Coordinator for the majority of his employment. Except as expressly admitted, Martin denies the allegations in paragraph 23.

24. Martin admits that Martin Resource paid Davis a salary in his role as Logistics Coordinator but denies that it had any obligation to pay him additional compensation for hours

worked in excess of forty in a workweek, if any, in that role. Except as expressly admitted, Martin denies the allegations in paragraph 24.

25. Martin lacks information sufficient to form a belief about the truth of the allegations in paragraph 24 and, thus, denies such allegations.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Martin denies that Martin had any obligation to pay Davis overtime rates in his role as Logistics Coordinator and denies such obligation as to any Logistics Coordinators. Except as expressly admitted, Martin denies the allegations in paragraph 32.

33. Denied.

34. Denied.

## VI.  COLLECTIVE ACTION ALLEGATIONS

35. Martin lacks knowledge sufficient to form a belief about the allegations regarding the job duties and pay provisions governing "Class Members" and, thus, such allegations are denied. Martin denies all remaining allegations in paragraph 35.

36. Denied.

## VII.  CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37. Denied.

38. Denied.

## VIII.  JURY DEMAND

39. Paragraph 39 does not contain factual allegations to which a response is required. To the extent a response is required, Martin denies that either Davis or any later-joined plaintiffs are entitled to a trial on any issues.

## IX.  PRAYER FOR RELIEF

Martin denies all allegations in Section IX of the Complaint and further denies that either Davis or any other individual are eligible for any relief requested in the Complaint, specifically including the relief set forth in subparagraphs a-f.

## AFFIRMATIVE DEFENSES AND OTHER MATTERS

Martin incorporates by reference its responses to the foregoing paragraphs and asserts each of the following affirmative and other defenses to the Complaint and each cause of action alleged therein, without prejudice to its right to argue that Davis bears the burden of proof as to some or all of them.

1. Plaintiff's Complaint, brought on behalf of himself and the putative members of the purported class, as set forth in the Complaint, fails to state a claim or claims upon which relief can be granted.

2. The claims in the Complaint, are barred in whole or part to the extent Plaintiff lacks standing to raise some or all of the claims on behalf of himself or any members of the purported class, as set forth in the Complaint.

3. The claims in the Complaint are barred to the extent that Plaintiff and some or all of the putative members of the purported class, as set forth in the Complaint, fall under one or more of the FLSA's exemptions, exclusions, exceptions, or credits from overtime obligations,

including but not limited to, those set forth in Sections 7 and 13 of the FLSA, specifically including the administrative and/or executive exemptions.

4. Plaintiff and some or all of the putative members of the purported class, as set forth in the Complaint, are precluded from recovering any amount from Martin because Martin Resource has previously paid all amounts to which Plaintiff and/or any putative members of the purported class are entitled under applicable law.

5. The claims in the Complaint are barred, in whole or in part, based upon the applicable statute of limitations period.

6. The claims in the Complaint are barred, in whole or in part, because Martin at all relevant times acted in good faith consistent with 29 U.S.C. § 259, and any other applicable section of the FLSA.

7. To the extent Plaintiff and the putative members of the purported class, as set forth in the Complaint, are entitled to damages—a claim that Martin hereby denies—they are not entitled to liquidated damages because Martin acted with a good faith belief, and had reasonable grounds for believing, that its actions and omissions were in compliance with the FLSA.

8. While denying Davis or any putative members of the purported class are entitled to overtime pay, any such claims are properly limited to the time period of two years backward from the date Plaintiff's Complaint was filed, or from the opt-in date of any later-joined plaintiffs, because Martin at all times acted in good faith and committed no willful statutory violation.

9. The claims in the Complaint are barred, in whole, or in part, by the Portal-to-Portal Act because all activities taken in connection with Plaintiff's or the putative class members' compensation were done in good faith, and in conformity with and in reliance upon written

regulations, orders, rulings, approvals, interpretations, administrative regulations, and/or enforcement policies of the U.S. Department of Labor.

10. The claims in the Complaint are barred, in whole, or in part, by the Portal-to-Portal Act to the extent that Plaintiff and the putative class members were engaged in activities that were preliminary or postliminary to their principal activities and/or are otherwise excluded under the FLSA.

11. The claims in the Complaint are barred, in whole or in part, to the extent that Plaintiff and the putative class members seek compensation for time that does not constitute work or compensable time for the purposes of the FLSA and applicable law.

12. Without admitting that any violations of the FLSA have occurred, the "de minimis" rule applies to any such alleged violation(s).

13. Plaintiff's claimed damages against Defendant are speculative and therefore may not be recovered.

14. Plaintiff's claims are not representative of a class of similarly-situated employees as required for a collective action under the FLSA.

15. This action cannot be maintained as a collective action because the allegations, facts, and defenses relating to Plaintiff will not support a collective action.

16. This action cannot be maintained as a collective action because Plaintiff and/or his counsel are not adequate representatives for the proposed class.

17. This action cannot be maintained as a collective action because Plaintiff has failed to identify any uniform policy that facially creates an overarching unlawful pay practice in violation of the overtime pay requirements of the FLSA.

18. Should the Court certify this matter as a collective action, it will violate Martin's constitutional right to due process.

19. Some or all of the claims in the Complaint, are barred, in whole or in part, under the doctrines of waiver, laches, and/or estoppel.

20. Some or all of the claims in the Complaint, are barred, in whole or in part, under the doctrines of ratification, acquiescence, accord and satisfaction, consent, payment, settlement, release and/or unclean hands.

21. Any damages awarded to Plaintiff (and/or any potential members of the putative class) should be reduced and/or offset based on other compensation earned.

22. Should the Court certify this matter as a collective action, Martin reasserts each of these defenses with respect to each class member or person filing a consent to this action.

WHEREFORE, Martin prays that:

a. Plaintiff and the putative members of the purported class take nothing by the Complaint;

b. Plaintiff's Complaint be fully and finally dismissed with prejudice, at Plaintiff's cost;

c. judgment be entered in favor of Martin and against Plaintiff and the putative members of the purported class on all causes of action;

d. Martin be awarded costs of suit; and

e. the Court grant Martin such other and further relief as is just and equitable.

Dated: June 23, 2025               Respectfully submitted,

*/s/ Molly M. Jones*
Molly M. Jones (lead attorney)
Texas State Bar No. 24100271
molly.jones@wickphillips.com
Colin P. Benton
Texas State Bar No. 24095523
colin.benton@wickphillips.com
Dana M. Hilzendager
Texas State Bar No. 24106099
dana.hilzendager@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone:  (214) 692-6200
Facsimile:   (214) 692-6255

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      This is to certify that on June 23, 2025, a true and correct copy of the foregoing document was filed and served on all counsel of record in accordance with the Federal Rules of Civil Procedure *via* the CM/ECF filing system:

Douglas B. Welmaker
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
doug@welmakerlaw.com

                */s/ Molly M. Jones*
                Molly M. Jones