UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH DAVIS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>MARTIN RESOURCE MANAGEMENT CORPORATION AND MARTIN TRANSPORT, INC.,<br><br>DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br><br>CA NO. 6:25-cv-00169-JDK<br><br><br><br><br><br><br>JURY DEMANDED |

## JOINT RULE 26 REPORT

Plaintiff Joseph Davis ("Plaintiff") and Defendants Martin Resource Management Corporation ("Martin Resource") and Martin Transport, Inc. ("Martin Transport," and with Martin Resource, "Defendants," and Defendants with Plaintiff, the "Parties") file this Joint Rule 26 Report and in support thereof, would show the following:

**(1)    A brief statement of the claims and defenses;**

Plaintiff claims that Defendants failed to pay him overtime premiums for any hours worked over forty per workweek.  Additionally, Plaintiff claims that other similarly situated employees were also not paid overtime premiums for any hours worked over forty per workweek.

Defendants deny that they owe Plaintiff overtime premiums, including but not limited to because Plaintiff was properly classified as exempt under the Fair Labor Standards Act and its applicable regulations and/or because Plaintiff did not work over forty hours in a workweek. Additionally, Defendants deny that there are other similarly situated employees and, if there are

such employees, Defendants deny that they are owed overtime premiums for the same reasons as Plaintiff. Further, Defendants deny that Martin Transport employed Plaintiff or any other similarly situated individual. Additional defenses are set forth in Defendants' Answer to Plaintiff's Original Complaint.

**(2)    The jurisdictional basis for the suit; and, if the parties assert that 28 U.S.C. § 1332(a) provides the jurisdictional basis of the suit, a statement identifying the citizenship of each party to the suit in sufficient detail to support such jurisdiction;**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

**(3)    The existence of any related cases and the appropriateness of consolidation;**

None.

**(4)    Whether the parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case;**

The Parties do not expect to utilize experts in this matter, except after judgment, if any, as to attorney's fees via submission.

**(5)    A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;**

The Parties seek preliminary discovery (Phase I discovery) as to the appropriateness of notice issuing in this matter, and specifically as to whether the putative class members are similarly situated. If the Court grants Plaintiff's Motion for Notice, the Parties will then seek more traditional discovery regarding Plaintiff's and any opt-in's claims, damages and Defendants' defenses.

The Parties believe that future scheduling deadlines will be determined in large part by pre-notice discovery, as well as briefing concerning the appropriateness of granting Plaintiff's Motion for Notice. Accordingly, the Parties believe that the most efficient manner to proceed would be to attend to class issues initially (Phase I discovery) and then to submit additional scheduling recommendations once class issues have been resolved (Phase II).

In that regard, the Parties propose that Phase I discovery, limited to the appropriateness of notice issuing in this matter, last 90 days from the date of the Court's entry of the corresponding scheduling order.

The Parties further propose that Plaintiff's Motion for Notice be filed within 120 days from the date of the Court's entry of the corresponding scheduling order, with Defendants' Response due 30 days after the date of Plaintiff's Motion for Notice, and Plaintiff's Reply due 14 days after the date of Defendant's Response.

Thereafter, the Parties respectfully request that the Court require that the Parties submit additional joint proposed scheduling recommendations, including deadlines for the items in the Court's form scheduling order, not later than 14 days after either (1) the close of the class notice period, if any, or (2) the date the Court denies Plaintiff's Motion for Notice.

**(6) Whether document production should proceed by requests for production or mandatory disclosure;**

The Parties are amenable to document production proceeding by requests for production.

**(7) Any proposed changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other discovery limitations;**

None.

**(8) Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

The Parties agree to comply with Federal Rules of Civil Procedure in connection with the disclosure and discovery of electronically stored information and, if needed, to confer and work collaboratively to discuss search terms with respect to searching sources of electronically stored information and whether metadata is needed. To the extent the Parties have discovery in ESI form, they agree to preserve same and make it available to the party requesting it.  There are no known issues with production of ESI at this time.

**(9)     Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;**

None at this time.

**(10)    The suitability of the Court's proposed trial date (given below), a proposed trial date that may better suit the needs of the case (if applicable) and an explanation for why the parties' proposed trial date better meets the needs of this case, estimated number of days required for trial, and whether a jury has been demanded;**

See Response to paragraph number 5, above.

**(11)    Objections to Federal Rule of Civil Procedure 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The Parties intend to exchange initial disclosures within 14 days of the Scheduling Conference in this matter.

**(12)    The parties' position on mediation or arbitration to resolve this litigation, including:**

**-Whether the parties believe mediation or arbitration would be helpful to settlement and if not, specific reasons why not;**

The Parties believe that mediation may helpful to resolution of this matter.

**-The phase of the case when mediation or arbitration would be most effective (e.g., before discovery, after limited discovery, after discovery closes, after filing dispositive motions, etc.);**

Mediation may be most effective after some initial written discovery has been conducted.

4

**-Whether the parties prefer to mediate with a private mediator (at the parties' expense) or with a U.S. Magistrate Judge;**

The Parties are not amenable to mediation with a US Magistrate Judge.

**(13)    A status report on any settlement negotiations (but shall not disclose settlement figures);**

The Parties are currently attempting to determine whether it makes sense to begin informal negotiations.

**(14)    Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

None.

**(15)    Whether a conference with the Court is desired; and**

A conference with the Court does not appear to be necessary at this time.

**(16)    Any other matters relevant to the status and disposition of this case, including any other Orders the parties propose the Court should issue under Rules 16(b) and (c) and 26(c).**

None.

        Respectfully submitted,

        WELMAKER LAW, PLLC

        <u>/s/  Douglas B. Welmaker</u>
        Douglas B. Welmaker
        Attorney-in-Charge
        State Bar No. 00788641
        Welmaker Law, PLLC
        409 N. Fredonia, Suite 118
        Longview, Texas 75601
        Phone: (512) 799-2048
        Email: doug@welmakerlaw.com

        **ATTORNEY FOR PLAINTIFF**

/s/  *Molly M. Jones*
Molly M. Jones (lead attorney)
Texas State Bar No. 24100271
molly.jones@wickphillips.com
Colin P. Benton
Texas State Bar No. 24095523
colin.benton@wickphillips.com
Dana M. Hilzendager
Texas State Bar No. 24106099
dana.hilzendager@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone:  (214) 692-6200
Facsimile:  (214) 692-6255

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

I certify that both Parties consulted with each other in order to prepare this Rule 26 Report on July 15, 2025.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on July 21, 2025.

/s/ Douglas B. Welmaker
Douglas B. Welmaker

6