UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH DAVIS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br>PLAINTIFF <br><br>v. <br><br>MARTIN RESOURCE MANAGEMENT CORPORATION AND MARTIN TRANSPORT, INC., <br><br>DEFENDANTS | § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br>CA NO. 6:25-cv-00169-JDK <br><br><br><br><br><br>JURY DEMANDED |

**THE PARTIES' PROPOSED SCHEDULING RECOMMENDATIONS**

This case is pled as a collective action under the Fair Labor Standards Act ("FLSA"). Defendants intend to oppose Plaintiff's request that notice issue in this case. Plaintiff Joseph Davis on behalf of himself and all others similarly situated ("Plaintiff") and Defendants Martin Resource Management Corporation and Martin Transport, Inc. ("Defendants") (collectively "the Parties") jointly recommend that the following deadlines be entered in a preliminary scheduling order, which shall control discovery concerning whether it is appropriate for notice to issue in this matter, with the Court's standard scheduling order to be entered once issues regarding notice have been determined.

These recommendations are made in light of the Fifth Circuit's decision in *Swales v. KLLM Transp. Servs, L.L.C.*, which held that, when managing a putative FLSA collective action, "a district court should identify, at the outset of the case, what facts and legal considerations will be

material to determining whether a group of 'employees' is 'similarly situated' . . . [a]nd then it should authorize preliminary discovery accordingly." 895 F.3d 430, 441 (5th Cir. 2021).

The Parties believe that future scheduling deadlines will be determined in large part by pre-notice discovery, as well as briefing concerning the appropriateness of granting Plaintiff's Motion for Notice. Accordingly, the Parties believe that the most efficient manner to proceed would be to attend to class issues initially (Phase I discovery) and then to submit additional scheduling recommendations once class issues have been resolved (Phase II).

In that regard, the Parties propose that Phase I discovery, limited to the appropriateness of notice issuing in this matter, last 90 days from the date of the Court's entry of the corresponding scheduling order.

The Parties further propose that Plaintiff's Motion for Notice be filed within 120 days from the date of the Court's entry of the corresponding scheduling order, with Defendants' Response due 30 days after the date of Plaintiff's Motion for Notice, and Plaintiff's Reply due 14 days after the date of Defendants' Response.

Therefore, the Parties respectfully request that the Court require that the Parties submit additional joint proposed scheduling recommendations, including deadlines for the items in the Court's form scheduling order, not later than 14 days after either (1) the close of the class notice period, if any, or (2) the date the Court denies Plaintiff's Motion for Notice.

Respectfully submitted,

WELMAKER LAW, PLLC


<u>/s/  Douglas B. Welmaker</u>
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**



<u>/s/   Molly M. Jones</u>
Molly M. Jones (lead attorney)
Texas State Bar No. 24100271
molly.jones@wickphillips.com
Colin P. Benton
Texas State Bar No. 24095523
colin.benton@wickphillips.com
Dana M. Hilzendager
Texas State Bar No. 24106099
dana.hilzendager@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone:  (214) 692-6200
Facsimile:   (214) 692-6255

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on July 21, 2025.

                                              */s/ Douglas B. Welmaker*
                                              Douglas B. Welmaker