IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JOSEPH DAVIS, on behalf of himself and others similarly situated, § § § | |
| Plaintiff, § § | |
| v. § | Case No. 6:25-cv-169-JDK |
| § | |
| MARTIN TRANSPORT, INC., et al., § § § | |
| Defendants. § | |

**ORDER GOVERNING NOTICE**

The Court, pursuant to the Parties' joint stipulation regarding notice to workers (Docket No. 19), hereby **ORDERS**:

1. Within fourteen (14) days of the date of this Order, Defendants shall provide the similarly situated individuals' names, last-known mailing addresses, and their corresponding email addresses and mobile telephone numbers to counsel for Plaintiff (the "List"). This group consists of all individuals who are/were employed as salaried Logistics Coordinators by Martin Resource Management Corporation and/or Martin Transport, Inc. during the period from September 30, 2023 through the present date ("Similarly Situated Workers"). Defendants shall provide this information to counsel for Plaintiff in a usable electronic format.

2. Within fourteen (14) days after receiving the List, Plaintiff shall send the notice and consent forms as submitted with the Stipulation, which are hereby approved by the Court, to each Similarly Situated Worker, as well as a stamped, self-addressed envelope for the return of the consent form. The notice shall be sent out

in paper form if a mailing address is available, by email if available, and by text notice if a phone number is available. The email and text subject line, if applicable, shall state "Notice regarding Martin Resource overtime lawsuit attached." Prior to sending the notice and consent forms, Plaintiff's counsel shall send to Defendants' counsel exact copies of the notice and consent forms that will be sent to Similarly Situated Workers. Plaintiff shall file a notice with the Court specifying the date on which the notice and consent forms were sent (the "Notice Date").

3. Plaintiff is authorized to establish and maintain a website dedicated solely to hosting the Notice and Consent forms and allowing putative collective members to electronically sign the Consent form.

4. Similarly Situated Workers who have not joined the action as of the date of this Order shall be allowed to file consents to join this action at any time on or before the forty-fifth (45th) day after the Notice Date (the "Opt-In Period"). Similarly Situated Workers who have not filed consents to join this action on or before that date shall not be allowed to participate in this action, unless the parties stipulate to, or good cause is shown to the Court for allowing additional individuals joining the action after the Opt-In Period has closed.

5. During the Opt-In Period, the parties and their counsel are ordered not to make any communication to any Similarly Situated Worker that has the purpose or effect of influencing his or her decision as to whether or not to join the lawsuit. The parties and their counsel each may respond to questions posed in communications initiated by Similarly Situated Workers by providing factually

accurate and verifiable information about the case. The Court cautions the parties' counsel to stay in compliance with ethical rules regarding improper solicitation of clients or witnesses as well as ethical rules protecting against actual or apparent conflicts of interest.

6. Neither the parties nor their counsel shall use the provisions of this Order limiting contacts with Similarly Situated Workers to gain a strategic or tactical advantage in the litigation. During the Opt-In Period, Defendants shall not solicit or collect written or oral statements from Similarly Situated Workers for the purpose of defending the case. Notwithstanding the foregoing conditions and restrictions, Defendants may collect any statements they deem necessary to respond to any motion or request for relief that is filed in this case or in any other action in which Defendants' workers assert a claim for unpaid compensation under any state or federal law.

7. This Order does not limit Defendants' right or ability to engage in communications with their current employees who are Similarly Situated Workers for the purpose of conducting Defendants' business, rather than for gathering or communicating information about this case, and Plaintiff's counsel may engage in communications on any subject with individuals who have retained them as their counsel in this matter, and after the Opt-In Period, Plaintiff's counsel may engage in communications with Defendants' employees or former employees who are potential fact witnesses in this case but only in compliance with Texas Disciplinary Rule of Professional Conduct 4.02.

So **ORDERED** and **SIGNED** this **17th** day of **October, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE