UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| JOSEPH DAVIS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § § § § § § § § § § § | |
|---|---|---|
| PLAINTIFF | | |
| v. | | CA NO. 6:25-cv-00169-JDK |
| MARTIN RESOURCE MANAGEMENT CORPORATION AND MARTIN TRANSPORT, INC., | | |
| DEFENDANTS | | JURY DEMANDED |

**(JOINT PROPOSED) SCHEDULING ORDER**

    Pursuant to Federal Rule of Civil Procedure 16(b) and the Eastern District of Texas Local Rules (except as modified herein), the Court, having considered the status report submitted by the parties, finds that the following schedule should govern the disposition of this case:

| **As set by the Court** | 9:00 a.m. JURY SELECTION AND TRIAL before Judge Jeremy D. Kernodle, 221 W. Ferguson St., 1st Floor, Tyler, Texas. |
|---|---|
| **To be scheduled by the Court if necessary** | A **pretrial conference** will be conducted, in person, if the Court determines such a conference is necessary.<br><br>Lead counsel for each party must attend, or, if the party is proceeding *pro se*, the party must attend. Lead counsel and *pro se* parties must have authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. |
| 14 days before trial | **File Responses to Motions *in Limine*, if any.** |

| 28 days before trial | **File a Notice of Time Requested for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments.** |
|---|---|
| 28 days before trial | **File Motions *in Limine*, if any, and pretrial objections.** <br><br> Motions in limine should not be filed as a matter of course. The parties are **ORDERED** to meet and confer to resolve any disputes before filing any motion *in limine*. Replies to responses are not permitted except by leave of Court. |
| 28 days before trial | Settlement Conference Deadline. <br><br> See additional details below. |
| 28 days before trial | Exchange Exhibits. <br><br> Each party intending to offer exhibits shall **serve a complete set** of marked exhibits (including demonstrative exhibits) to all opposing parties and **shall deliver a set of marked exhibits to the Court's chambers** (except for large or voluminous items that cannot be easily reproduced). |
| 28 days before trial | **File Joint Final Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials**. <br><br> See additional details below. <br><br> Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. |
| 28 days before trial | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.** <br><br> If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |

| | |
|---|---|
| 42 days before trial | Objections to Pretrial Disclosures.<br><br>Each party must serve a list disclosing any **objections** and the relevant grounds, including any objections under Federal Rule of Evidence 402 and 403, to:<br>(a) any other party's deposition designation;<br>(b) the admissibility of disclosed exhibits; and<br>(c) the use of any witnesses.<br><br>Any objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.  The parties are **ORDERED** to meet and confer to resolve any disputes before filing any objections to pretrial disclosures. |
| 49 days before trial | Exchange Rebuttal Deposition Designations.<br><br>For rebuttal designations, cross examination line and page numbers to be included. |
| 56 days before trial | Exchange Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List).<br><br>Parties must make all disclosures required by Rule 26(a)(3)(A)-(B).  Any party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |
| **As set by the Court** | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions).**<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7.  <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| October 30, 2026 | Discovery Deadline<br><br>All discovery—including expert discovery—shall be completed by this date.  The parties may agree to extend this discovery deadline, provided (a) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission dates; and (b) the parties jointly file written notice of the extension with the Court. |

| | |
|---|---|
| June 19, 2026 | Mediation Deadline<br><br>Within **seven days** after the mediation, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the mediation was held, the persons present (including the capacity of any representative), and a statement informing the Court of the outcome of the mediation. |
| 30 days after any Rule 26(a)(2) disclosure | Parties may provide further expert disclosure of expert testimony or evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) within 30 days of the disclosure contradicted or rebutted. |
| July 3, 2026 | Party without the burden of proof on an issue shall file a written designation of the name and address of each **expert witness**, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| May 29, 2026 | Party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness**, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| March 20, 2026 | Deadline for Motions for Leave to Join Parties or Amend Pleadings.<br><br>Parties may petition the Court to modify this deadline for good cause. |
| March 20, 2026 | File Notice of Mediator<br><br>The parties may jointly file a notice that identifies an agreed upon mediator (with a proposed order appointing the mediator) or indicates that no agreement was reached. If the parties do not reach an agreement, the Court will appoint a mediator.  The parties should confirm the mediator's availability and schedule mediation before the deadline. |

If any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.  Also note that all deadlines in this order are for **filing** or **delivery**, **not mailing** dates.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

## I. SETTLEMENT CONFERENCE AND STATUS REPORT

a. **Settlement Conference:**

By the deadline provided above, the parties and their respective lead counsel shall hold a **face-to-face meeting** to discuss **settlement** of this case.  Individual parties and their counsel shall participate in person, not by telephone or other remote means.  All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means.  If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in person, not by telephone or other remote means.

b. **Joint Settlement Report:**

Within **seven days** after the settlement conference, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

## II. PRETRIAL MATERIALS

a. **Pretrial Order:**

Plaintiff's counsel shall file the **joint pretrial order**, which must include each matter listed in the final pretrial order available on Judge Kernodle's website and the **estimated length of trial**.  If counsel for any party does not participate in the preparation of the joint pretrial order, opposing counsel shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate).  Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language **is not an excuse for submitting separate pretrial orders**.  When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

**b.   Witness List:**

Each party shall file a **witness list** using the template available on Judge Kernodle's website.

If any witness needs an interpreter, please note this on the witness list. It is the obligation of the party offering such a witness to arrange for an interpreter to be present at trial.

**c.   Exhibit List:**

Each party shall file a **list of exhibits (including demonstrative exhibits)** to be offered at trial using the template available on Judge Kernodle's website. The list of exhibits shall describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit. (Modification of Local Rule 26.2(b), (c)). Do not use letter suffixes to identify exhibits (e.g., designate them as 1, 2, 3, not as 1A, 1B, 1C).

Each party's **exhibit list** shall be accompanied by a written statement, signed by counsel for each party and state that, as to each exhibit shown on the list,

   **(i)**   the parties agree to the admissibility of the exhibit; or

   **(ii)**  the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the name(s) of the party or parties urging the objection.

All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. Counsel for the party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit the party proposes to offer. This includes an obligation to make exhibits available for inspection in advance of the deadline for filing exhibit lists where a party needs to see exhibits to assess admissibility. The Court may exclude any exhibit offered at trial unless such a statement regarding the exhibit has been filed in a timely manner. In addition, objections not identified in the statement may be waived. The Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

**d.   Deposition Testimony Designations:**

Each party shall file a list of designated deposition testimony it intends to offer at trial. Each list of deposition designations shall include any rebuttal designations by the opposing party. Each list of deposition designations shall also include a notation of any objections to the designated deposition testimony.

**e.     Jury Charge:**

The parties shall submit proposed jury instructions (annotated)[1] and a proposed verdict form as set forth below.

> **(i)**   Counsel for the Plaintiff shall deliver to counsel for Defendant by **[49 days before trial]** a copy of its proposed charge and verdict form.
>
> **(ii)**  Counsel for Defendant shall deliver to counsel for Plaintiff by **[42 days before trial]**: (A) a statement, prepared with specificity, of any objection to any portion of the Plaintiff's proposed charge and verdict form and (B) the text of all additional or modified instructions or portions of the verdict form Defendant proposes. Each objection and each such request shall be accompanied by citations of authorities supporting defendant's objection or request.
>
> **(iii)** At a mutually agreed time on or before **[35 days before trial]**, the lead attorneys for the parties shall meet face-to-face at either (A) a mutually agreeable place, or (B) at the office of counsel located closest to Tyler, Texas, for the purposes of (1) discussing, and trying to resolve, differences between the parties as to language to be included in the Court's charge to the jury and (2) identifying areas of disagreement that cannot be resolved.  Such meeting shall be held for a sufficient length of time for there to be a meaningful discussion of all areas of disagreement and a meaningful attempt to accomplish agreement.  Each attorney shall cooperate fully in all matters related to such a meeting.
>
> **(iv)**  On or before **[28 days before trial]**, counsel for Plaintiff shall file a document titled "Agreed Charge," which in a single document shall contain, in logical sequence, all language to be included in the charge, including jury instructions and jury questions, about which the parties do not have disagreement and all language either party wishes to have included in the charge about which there is disagreement.  All language of the proposed charge about which there is disagreement shall be (A) in bold face, (B) preceded by an indication of the identity of the party requesting the language, and (C) followed by a listing of citations of authorities in favor of and in opposition to the proposed

---

[1] "Annotated" means that ***each*** proposed instruction shall be accompanied by citation to statutory or case authority and/or pattern instructions.  It is not sufficient to submit a proposed instruction without citation to supporting authority.

7

language. Objections may be waived if not stated in the Agreed Charge.

**f.  Voir Dire:**

The parties shall file any **proposed voir dire questions** for the Court to ask during its examination of the jury panel as an attachment to the pretrial order. The filing should note whether each question is agreed to by both parties or which party proposes the question.

**g.  Trial Briefs:**

Trial briefs may be filed by each party by the deadline for the pretrial order. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit and/or Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

### III. MODIFICATION OF SCHEDULING ORDER

As addressed above, this Order shall control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by leave of court. Fed. R. Civ. P. 16(b)(4). Any request that the trial date of this case be modified must be made (a) **in writing** to the Court, (b) **before** the deadline for completion of discovery.

### IV. DISCOVERY DISPUTES

Before filing a motion to compel, a motion to quash, or a motion for protection from discovery, lead counsel for each party must confer in good faith concerning the disputes. If the dispute is not resolved by conferring in good faith, then a party may file an appropriate motion. Any such motion should include a certification by counsel describing the steps taken to comply with this paragraph.

### V. ELECTRONIC DISCOVERY

In cases involving disputes over extensive electronic discovery, counsel for both sides shall review the court's [Model] Order Regarding E-Discovery in Patent Cases before contacting the Hotline or filing motions to compel or to quash. The order can be modified for use in any case in which electronic discovery is an issue, and any ruling of the court on conduct of electronic discovery will likely be based, at least in part, on that model order. *See* ED Texas Website under Quick Links / Forms / Patent Forms / Order Regarding E-Discovery in Patent Cases.

### VI. RESOURCES

The Eastern District of Texas website (www.txed.uscourts.gov) contains information about Electronic filing, which is mandatory, Local Rules, telephone

numbers, general orders, frequently requested cases, the Eastern District fee schedule, and other information.

## VII. COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this Order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this Order may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both.  If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent.  However, the court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order.  *See* Local Rule AT-3(j).

## VIII. INQUIRIES

Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate.  For questions regarding electronic notice or electronic case files, please see the ECF FAQs on the Eastern District of Texas website.