**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

**STANDING ORDER JDK-7-2: REPLEADING IN REMOVED CASES**

Although the Federal Rules of Civil Procedure do not require parties to replead following removal, Federal Rule of Civil Procedure 81(c)(2), the Court finds that repleading would best assist the Court in efficiently managing its docket.  To that end, the Court notes that the pleading standards are different in federal court.  In particular, Rule 9 sets forth heightened pleading requirements for certain matters.  And Rule 8(b) mandates that a defending party admit or deny each allegation against it.

Accordingly, in **all** cases that have been removed from state court, the Court **ORDERS** parties to replead as necessary to comply with the Federal Rules of Civil Procedure and the Court's Local Rules.  Plaintiff's amended complaint is due **fourteen days** from the date the notice of removal is docketed.  Defendant's amended answer is due **twenty-one days** from receipt of the amended complaint.  Any prior deadline for Defendant's answer shall be extended to the date set by this Order.

The Court also directs the parties' attention to Local Rule CV-7.  While the parties should be familiar with all Federal and Local Rules, the Court points to this rule specifically as it renders moot all motions urged prior to removal.  Accordingly, the Court will consider only motions re-urged in this Court.

In the event that Plaintiff timely files a motion for remand, the deadlines set forth in this Order are suspended pending resolution of the motion.  If the Court denies the motion to remand, Plaintiff's amended complaint will be due **fourteen**

1

**days** from the date on which the Order denying remand is docketed, and Defendant's answer will be due **twenty-one days** after receipt of the amended complaint.

So ordered by the court.

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE